## P. O. Krans & Co. v. Luthy & Co.

1. PARTNERSHIP—*Liability of a Person Holding Himself Out as a Partner.*—The theory under which a person, not a partner, can be held liable for a partnership debt because he has held himself out as a partner, does not apply where the credit has been given with a full knowledge that such person was not a partner, and the person giving the credit has not been misled by his misrepresentations.

Memorandum.—Assumpsit. In the Circuit Court of Henry County; the Hon. JOHN J. GLENN, Judge, presiding. Declaration, common

Krans & Co. v. Luthy & Co.

counts; plea of general issue and denial of joint liability; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed December 13, 1894.

APPELLANTS' BRIEF, N. F. ANDERSON, ATTORNEY.

The following principles must be complied with in instructing upon estoppel *in pais:*

There must be representation of a material fact. 2 Pomeroy Eq. Jur., Sec. 805. The acts of language must reasonably import membership in a firm; the question is, what does the language used import, and not what interpretation the creditor placed upon it. 1 Bates on Partnership, Sec. 99. Where reliance is placed upon inquiries, the latter must have been clear, and not misleading. Kinney v. Whiton, 44 Conn. 262; Tillotson v. Mitchell, 111 Ill. 518; Pierce v. Andrews, 6 Cush. (Mass.) 4; Durant v. Pratt, 55 Vt. 270.

The representation must be plain and certain. Tillotson v. Mitchell, 111 Ill. 518; Moors v. Albro, 129 Mass. 9.

The truth concerning the facts must be unknown to the other party claiming the benefit of the estoppel, when such conduct was done, and at the time it was acted upon by him. 2 Pomeroy, Eq. Jur., Sec. 805; Powell v. Rogers, 105 Ill. 318; 7 Am. & Eng. Ency. of Law, 13.

If at the time when he acted, such party had knowledge of the truth, or had the means by which with reasonable diligence he could acquire knowledge, and neglected to do it, he can not claim the benefit of the estoppel. 2 Pomeroy Eq. Jur., Sec. 810.

Omission to give notice works no estoppel in favor of one aware of the facts. Hutchins v. Hubbard, 34 N. Y. 24.

A party can not rely on a representation when he knows the truth. Bigelow v. Henninger, 33 Kan. 362; Nettle v. Newcomb, 31 Barb. 169; 22 N. Y. 249.

The conduct must be such as would reasonably lead to the results complained of. Hefner v. Vandolah, 57 Ill. 520.

C. C. WILSON, attorney for appellees.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by Luthy & Co., wholesale dealers in agricultural implements, against P. O. Krans and John P. Chaiser, partners, doing business at Galva, Ill., under the firm name of P. O. Krans & Co. to recover for goods sold and delivered.

In addition to the general issue, Chaiser filed a plea denying the partnership and joint liability charged in the declaration. Upon the trial the entire contest was upon the issue raised by this plea. The jury returned a verdict in favor of the plaintiff for $811.20, and made two special findings, one that Chaiser was not an actual partner with Krans in the agricultural implement business, and the other that Chaiser held himself out as a partner of Krans. After a remittitur of $7.50 from the verdict was entered, and a motion for a new trial was overruled, the court rendered judgment for $803.70. Chaiser prosecuted this appeal.

It appears from the evidence that Krans and Chaiser on the 3d of November, 1892, formed a partnership for the grocery and hardware business, and bought from one A. W. Soper a stock of goods situated in a store at Galena. For two years prior to such purchase, Krans had been carrying on the agricultural implement business in a building near where Soper had been carrying on his business. The firm of P. O. Krans & Co. continued but a short time, Chaiser selling his interest to one John Wibery on the 25th of January, 1893, when the firm of Krans & Wibery was formed.

On the 16th of November, 1892, Krans, to replenish the agricultural implement stock, ordered of J. G. Delent, the traveling salesman of Luthy & Co., goods amounting to $2,200, and also made another order on the 16th of January, 1893, through the same agent. Krans signed the order in the firm's name of P. O. Krans & Co., in the absence and without the knowledge of Chaiser. This action was brought to recover unpaid balance for the goods delivered on those orders.

Chaiser denied on oath that his partnership with Krans

included the agricultural implement business, and denied that he had any interest in it. The jury so found, and we think rightfully.

As soon as Chaiser discovered that the order of November 16, 1892, had been given in the partnership name, he, on November 23d, wrote Luthy & Co. informing them that he was not in partnership with Krans in the implement business.

On the day that the second order was made, Delent met Chaiser. He testified that he told Chaiser that he had come to do business with them, to which Chaiser replied, that whatever he did with Krans was all right. This conversation was denied by Chaiser. At all events Delent knew and his firm knew at that time that Chaiser had written Luthy & Co. that he was not a partner with Krans in the agricultural implement business. The theory under which a person not a partner can be held liable for a partnership debt because he held himself out as a partner does not apply where the creditors extended credit with full knowledge that he was not a partner and was not misled by his representations.

We do not think the evidence in this case supports the second special finding returned by the jury.

The court instructed the jury that if Delent was at the place of business of P. O. Krans & Co. for the purpose of selling goods, and the attention of Chaiser was called to that fact, and Chaiser told Delent that whatever was done with Krans would be all right, then Chaiser would be liable with Krans to pay for the goods. The instructions on that point entirely ignored the fact that the plaintiff had been notified that Chaiser was not a partner with Krans in the implement business. Under the first instruction given the jury could find for the plaintiff even though full notice had been given of the relation between Chaiser and Krans and the plaintiff was not at all misled by the alleged statement to Delent.

For the error in giving improper instructions and because we do not think the second special finding of the jury is sustained by the evidence, the judgment must be reversed.